## In re SHERMAN, Supervisor.

### (*Circuit Court, N. D. Illinois.* July 29, 1892.)

SUPERVISORS OF ELECTIONS—COMPENSATION—INDEX.

Rev. St. § 2031, which declares what fees shall be paid the chief supervisor "for entering and indexing the records of his office," does not authorize payment of such fees for making an "index" of the lists of registered voters, consisting merely of a consolidation of the entire contents of such lists, especially when such "index" is not completed till three years after the election for which the lists were made.

Accounting of E. B. Sherman, chief supervisor of elections for the northern district of Illinois.

*E. B. Sherman,* for chief supervisor.

*T. E. Milchrist,* U. S. Dist. Atty.

GRESHAM, Circuit Judge. Prior to the general elections of 1888, federal supervisors were duly appointed to guard and scrutinize the registration and voting in the city of Chicago, city of Lake View, village of Hyde Park, and town of Lake. These officers, by requirement of the chief supervisor, prepared and delivered to him duplicate lists or registers of persons who registered and voted in their respective precincts at such elections. These reports showed the residence, name, nativity, color, whether naturalized, and, if so, in what court and when, date of application to be registered, term of residence, and other facts required by the laws of Illinois. In 1888 the chief supervisor prepared an account for certain services, some of the items of which were approved and others disapproved by the circuit judge. That account, however, embraced no item for "entering and indexing the records of his office," and Mr. Sherman now presents a claim for that work, being 61,482 folios, at 15 cents per folio, amounting to $9,222.30, and for necessary stationery, $210.35. Section 2031 of the Revised Statutes, which, it is claimed, authorized the allowance of these amounts, reads:

"There shall be allowed and paid to the chief supervisor for his services as such officer the following compensation apart from and in excess of all fees allowed by law for the performance of any duty as circuit court commissioner: For filing and caring for every return, report, record, document, or other paper required to be filed by him under any of the preceding provisions, 10 cents; for affixing a seal to any paper, record, report, or instrument, 20 cents; for entering and indexing the records of his office, 15 cents per folio; and for arranging and transmitting to congress, as provided for in section No. 2020, any report, statement, record, return, or examination, for each folio, 15 cents, and for any copy thereof, or of any paper on file, a like sum."

The so-called "index," for the making of which compensation is now claimed, is simply a copy or consolidation of the precinct registers. The chief supervisor prepared large books for this purpose, with headings and lines corresponding to the precinct registers; and his so-called "index" shows only what appears in the precinct registers. This is neither entering nor indexing the records of his office, within the meaning of the section referred to. Instead of being an index of the precinct registers, it shows their entire contents. It is now more than three years since the election of 1888. The work charged for has just been completed, and it can serve no useful purpose. For these reasons I decline to approve the account.